J. H. WILT, (Guardian *ad litem* of Albert Fuller, Mabel Fuller and Lena Fuller, Infants, and Heirs at Law of L. C. Fuller, deceased, and Annie L. Fuller, Widow of said deceased,) Plaintiffs in Error,

*v.*

JOSEPH BUCHTEL, Defendant in Error.

If it appear from the face of a complaint that the Statute of Limitations has run against the demand pleaded, advantage may be taken of the statute by a demurrer to the complaint.

A complaint filed April 18, 1884, setting forth the execution of a bond for the conveyance, within five years after April 13, 1869, of certain real estate, on payment of the purchase price, and also setting forth compliance with the bond on part of the purchaser, payment within the prescribed time, and demanding a conveyance pursuant to the bond, discloses a cause of action barred by the Statute of Limitations.

Error, to the Second Judicial District, holding terms at Tacoma.

*Carroll, Ten Eyck & Root*, for Plaintiffs in error.

The complaint is insufficient, because it alleges no tender or demand.

The complaint does not show that there can be no redress at law; nor does it appear from plaintiff's bill or complaint that he is entitled to a decree.    There is no equity in his bill, for he does not show affirmatively that he ought to have the relief prayed for. (Washington Code, Secs. 1474, 1476 ; Waterman on Specific Performance, Secs. 444, 445 and notes; *Wells* v. *Smith,* 7 Paige Chan. N. Y. 22 ; *Barron* v. *Frink,* 30 California, 488 ; *Hill* v. *Grisby,* 35 Id. 656 ; *Lister* v. *Jewett,* 11 New York, 453 ; *Green* v. *Reynolds,* 2 Johnson, N. Y. 207, 3 Lawyer's ed. N. Y. Rep. 357 ; *Jones* v. *Gardner,* 10 Id. 266, 4 Lawyer's ed. N. Y. Rep. 1026 ; *Gazley* v. *Price,* 16 Id. 267 ; 6 Lawyer's ed. N. Y. Rep. 135 ; *Parker* v. *Parmele,* 20 Id. 130 ; *Kinkead* v. *Shrene,* 17 California, 273 ; *Hubbell* v. *Scholning,* 49 N. Y. 326 ; Waterman on Specific Performance, Secs. 88, 93 and 99 ; *Noyes* v. *Marsh,* 123 Massachusetts, 286 ; *Morey* v. *Farmer's Loan & T. Co.,* 14 New York, 302 ; *Duff* v. *Fisher,* 15 California, 376 ; *Brown* v. *Covillaud,* 6 Id. 571 ; *Pearis* v. *Covillaud,* 6 Id. 617 ; *Green* v. *Covillaud,* 10 Id. 317 ; *Weber* v. *Marshall,* 19 Id. 447.)

The complaint and bond annexed thereto show that the action of defendant in error is barred by the Statute of Limitations.    The bond was executed April 13, 1869, and the suit was filed April 18, 1884, more than fifteen years after date of the bond.    Ferry's deed was made August 9, 1877, more than eight years after the date of the bond.    (Wash. Code, Secs. 26 and 27 ; Waterman on Specific Performance, Sec. 89, note 9 ; *Humbert* v. *Rector of Trinity Church,* 7 Paige, N. Y. Chan. 197 ; *Maxwell* v. *Kennedy,* 8 Howard, U. S. 210 ; Wood on Limitation of Actions, 108, 118 and notes.)

*Merrill & Heald,* for Defendant in error.

Section 25, Chap. 2, provides that " in the District Court the objection that the action was not commenced within the time limited can only be taken by answer."    The questions now before the Court are raised on demurrer.    The equitable cases cited in brief of plaintiffs in error, on this point, cannot apply to the present laws of Washington Territory.

Opinion by WINGARD, Associate Justice.

This was a civil action or proceeding to enforce specific performance, under Chapter 52 of the Code.

The complaint or petition alleges that on or about April 13th, 1869, L. C. Fuller and C. P. Ferry bound themselves by an instrument in writing, to convey certain real estate in this Territory to Joseph Buchtel, of which said real estate they were at that time owners in common.

The instrument, which is made part of the complaint, is substantially as follows : " Know all men by these presents, that we, L. C. Fuller and C. P. Ferry, are held and firmly bound unto Joseph Buchtel of, etc., in the full penal sum of $400, for the payment of which we bind ourselves jointly and severally, our heirs, executors and administrators.

" The condition of this obligation is such, that whereas the said Fuller and Ferry have sold unto the said Buchtel ten acres of land, at New Tacoma, in the county of Pierce, W. T. ; and whereas the said Buchtel has paid to said Fuller and Ferry, for said land, $100, and agrees to pay as the purchase price thereof the further sum of $100, if within five (5) years from the date of these presents a railroad company shall permanently locate a railroad running through or terminating at said Tacoma, which sum shall become due and payable immediately upon such location.

" Now, therefore, if upon the payment by said Buchtel of said $100, in case of the permanent location of a railroad as aforesaid, within the time aforesaid, and as soon as such location is made ; or upon such payment at any time prior to such location, or the expiration of said time ; or in case there shall be no such location of a railroad as aforesaid within said period, then on demand of said Buchtel, without further payment, the said Fuller and Ferry shall make, and cause to be made, executed and delivered to said Buchtel, his heirs, executors, administrators and assigns, a good and sufficient conveyance of said lot of land near Tacoma aforesaid, in fee simple, free from incumbrance, and with the usual covenants of warranty, then this obligation to be void ; otherwise to be and remain in full force and virtue, in law and equity."

The complaint further alleges that said Buchtel has performed all the conditions required of him,—that he paid to said Ferry the further sum of $100 on or about August the 7th, 1877.

That after making said instrument, and before making a con-

veyance, the said Fuller removed from Washington Territory, and died in the State of Virginia.

That on the 9th day of August, 1877, in accordance with the terms of the instrument aforesaid, the said Ferry made a deed of all his interest to said Buchtel; but that the said Fuller, his heirs, executors or administrators, have not made or caused to be made any deed, as required, to said Buchtel.

The plaintiffs in error demurred to this complaint, generally and specifically.

The Court overruled the demurrer, and the judgment overruling the demurrer is assigned as error.

It is patent upon this complaint, that the action is barred by the Statute of Limitations.

The bond or instrument was executed April 13th, 1869. No demand is alleged to have been made. The second $100 was paid August 7th, 1877, and suit was not commenced until April 18th, 1884.

Let the judgment of the Court below be reversed, and the cause remanded for further proceedings.

We concur: ROGER S. GREENE, Chief Justice.
       GEORGE TURNER, Associate Justice.